Fulton, J.
This is an action brought to construe the will of Marie A. Butler, which reads as follows:
“In the name of the Benevolent Father of all, Amen: I, Marie A. Butler, of the village of Alexandria, county of Licking and state of Ohio, being of lawful age, and being of sound and disposing mind and memory, do make, publish and declare this my last will and testament, hereby revoking and making null and void all other last wills and testament by me made heretofore :
“First: My will is that all my just debts and funeral expenses shall be paid out of my estate, as soon after my decease as shall be found convenient.
‘ ‘ Second: I give, devise and bequeath to my legally adopted daughter, Nellie M. Iler (nee Butler), all my property, real, personal and mixed) the same to be hers in fee simple.
“Item 3. In case of the decease of the said Nellie M. Iler before my decease, or if my said property is unclaimed by the said Nellie M. Iler within one year from my decease, then all of my said property is to be equally divided, share and share alike, between my two nephews, William D. Beaumont and Samuel Beaumont.
“Item 4. If any of my said estate remains in the possession of the said Nellie M. Iler at her decease, then the said remainder is to be divided according to the provisions in Item 3 of this my last will and testament.
“Item 5. I hereby nominate and appoint O. A. Brooks, of Alexandria, Ohio, to be the executor of this my last will and testament.”
The court holds that Nellie M. Iler takes a fee simple in all the property that was willed to her, in the second item of said will, upon the authority of the case of Hull v. Chisholm and the Sun Lumber Co. v. Chisholm, decided by the Court of Appeals of Knox County on April 14, 1917, in which the court say:
“The same question is involved in these two actions, They were argued together and will be disposed of together.
*182 “The actions are brought to recover possession of specific real estate, the title to which is determined by a construction of the will of Sarah Hutchinson. Sarah Hutchinson died on October 23, 1895, leaving a last will and testament which was duly probated. The will reads as follows:
■ “ ‘In the name of the Benevolent Father of all: I, Sarah Hutchinson, of the city of Mount Vernon, Ohio, do make and publish this day my last will and testament, viz:
“ ‘Item 1st. I will that my just debts and funeral expenses be first duly paid, and if I have not erected a monument for my late husband and myself I direct that such monument be erected at a cost of not to exceed the sum of two hundred and fifty dollars.
“ ‘Item 2d.. I will and bequeath to Alice V. Hutchinson of the city of Mount Vernon all the property of which I may die seized or possessed both real and personal, to her and her heirs and assigns forever, subject to payment of the debts, expenses and cost of monument mentioned in Item 1 above.
“ ‘Item 3d. I will and direct that in case of the death of the said Alice V. Hutchinson without leaving any child or children that whatever may remain of the property willed to her in the second item of this will shall be equally divided between my nephews, George B. Stahl of Mount Vernon, Ohio, and Oscar S. Blaney of Marshalltown, Iowa, and in case of the death of the said Osear S. before the said Alice V. Hutchinson then the share of said Oscar S. in said residue shall go to the said George B. Stahl.
“ ‘In witness whereof I have hereunto set my hand and seal this 22d day of July, A. D. 1882.
“ ‘Sarah Hutchinson.
‘ ‘ ‘ Signed, sealed and acknowledged by the said Sarah Hutchinson as her last will and testament in our presence and signed by us in her presence and in the presence of each other and at her request.
“ ‘¥m. McClelland.
“ ‘W. C. Culbertson.’ ”
“Alice V. Hutchinson was the daughter of a servant of Mr. and Mirs. Hutchinson and lived with them from the time of her birth. She took the name of Hutchinson and was never known by any other name until her marriage. After the death of Sarah Hutchinson, Alice V. Hutchinson was in possession of the real estate in question until the 6th day of June, 1904, when she sold and conveyed the property to one Banner Allen, from *183 whom the title passed through other parties to the defendants in these actions. Alice V. Hutchinson had no child or children, and died on the 15th day of April, 1915, without leaving any property of any kind or nature.
“It is 'the contention of the plaintiff! that Alice V. Hutchinson took only a life estate in the property that remained after the payment of the debts and funeral expenses of Sarah Hutchinson and the erection of the monument provided for by the will.
“The defendants contend that Alice Y. Hutchinson took a . title in fee simple and that the devise of what remained of the property at the death of Alice Y. Hutchinson, to- the nephews of Sarah Iiutchinson is, void.
‘ ‘ The case has been skillfully argued both orally and by brief. The questions involved are so manifestly controlled by judicial decisions in this state that we think it unnecessary to discuss the cases and the opinions cited in an opinion in this case.
“We hold'that Alice Y. Hutchinson took a title in fee simple and that the.defendants hold the property by a valid title, upon the authority of Widow’s Home v. Lippardt, 70 O. S., 261; Tracy et al v. Blee et al, 22 C.C.(N.S.), 33, and Steuer v. Steuer, 8 C.C. (N.S.), 71. We. also call attention to the statement of the law as found in 40 Cyc., 1587.
“The judgment of the court of common pleas in each case will be reversed; and, inasmuch as the title to the property depends upon the construction of the will,- and a remanding of the case for new trial could result in nothing other than a decree in favor of the defendants, this court will proceed to enter the decree that should have been entered by the common pleas court, dismissing the petition of the plaintiff in each case, at his cost, and quieting the title of the defendants in the .property in question.”
It is, therefore, the holding of the court that- Nellie M. Iler takes a fee simple in all the property mentioned and described in item two of the will of Marie A. Butler.